IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LESTER GLENN COLLIER, ID # 660230,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:13-CV-3429-M  (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I.  BACKGROUND**

Lester Glenn Collier (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is William Stephens, Director of TDCJ-CID.

On November 13, 1992, Petitioner pled *nolo contendere* to a charge of aggravated sexual assault of a child in Cause No. F92-38082-JH in Criminal District Court No. 1 in Dallas County, Texas.  The trial court sentenced him to ten years of deferred adjudication probation. (Petition (Pet.) at 2); *see also Collier v. State*, No. 11-93-241-CR, 1994 WL 16189734 (Tex. App.–Eastland, Oct. 13, 1994, no pet.). Subsequently, the State filed a motion to adjudicate guilt, contending that Petitioner had violated the terms of his probation.  He pled true to the allegations in the motion, and on July 16, 1993, the trial court revoked his probation and sentenced him to twenty-five years' imprisonment. *Collier v. State*, slip op. at *1 (*see also* www.tdcj.state.tx.us, search for petitioner).  Petitioner filed a direct appeal and, on October 13, 1994, the Eleventh District Court of Appeals affirmed his conviction and sentence in

an unpublished opinion.  *Collier v. State*, slip op. at *2.  He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

Petitioner filed his first state application for writ of habeas corpus with the trial court on March 23, 2004, which was denied on its merits by the Court of Criminal Appeals on October 13, 2004, without a written order based on the trial court findings.  *See Ex parte Collier*, WR-59,810-01 (Tex. Crim. App. Oct. 13, 2004) (*see also* www.dallascounty.org, search for Cause No. W92-38082-A).  Four other state writs filed by Petitioner have been dismissed by the Court of Criminal Appeals as abuses of the writ.  *See Ex parte Collier*, WR-59,810-02 (Tex. Crim. App. Oct. 11, 2006); *Ex parte Collier*, WR-59,810-03 (Tex. Crim. App. Oct. 21, 2009); *Ex parte Collier*, WR-59,810-04 (Tex. Crim. App. Apr. 7, 2010); *Ex parte Collier*, WR-59,810-05 (Tex. Crim. App. May 22, 2013).  Petitioner mailed his federal petition on August 17, 2013. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new

constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)).  The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file a PDR with the Court of Criminal Appeals.  His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on November 12, 1994.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires").  The facts supporting his grounds for relief, in which he alleges that he was incompetent to stand trial, that his conviction was obtained in violation of his due process rights, and that he was denied the effective assistance of trial counsel, became known or could have become known prior to this date.

Because Petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year in which to file a federal petition for a writ of habeas corpus.  *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000).  "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely."  *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  Petitioner is entitled to the one-year grace

period that ended, in the absence of tolling, on April 24, 1997.  Because he filed his federal petition

many years later, his August 17, 2013, filing is untimely.[1]

## B.  Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall*

*not be counted toward any period of limitation under this subsection*."   28 U.S.C. § 2244(d)(2)

(emphasis added).  The one-year statute of limitations expired well before either petitioner's first state

writ or his federal petition were filed.  The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in

appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549 (2010);

*Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71

(5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine

of equitable tolling preserves a [party's] claims when strict application of the statute of limitations

would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th

Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the

cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124,

128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has

been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.

*Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  He bears the burden

to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per

---

[1]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings
when they place them in the prison mail system).

curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presented no argument or evidence that he was prevented from filing either his first state writ or his federal petition earlier.   He does state in his federal petition that he is seeking relief because he is "incompetent an [sic] mentally retarded." (Pet. at 8).  However, the Fifth Circuit has consistently held that ignorance of the law, even by an incarcerated *pro se* petitioner, and even when such ignorance is based on illiteracy, does not warrant equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002); *see also Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.1999) ( per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *Felder v. Johnson*, 204 F.3d at 171–72 (finding ignorance of the law, a prisoner's *pro se* status and lack of legal training do not support equitable tolling of the AEDPA statute of limitations).  Petitioner waited ten years after his conviction was final before filing his first state writ challenging his conviction and he waited almost nineteen years before filing his federal habeas petition.  He has not shown that he has acted diligently in pursuing his rights or that some extraordinary circumstance, such as being misled by the State, prevented him from timely filing his federal petition.  Petitioner has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 23rd day of October, 2013.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE




## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE